UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TRAMAINE ANTON HIBBERT,**

**Petitioner,**

-vs-                                                    **Case No.  6:10-cv-1902-Orl-19GJK**
                                                        **(6:08-cr-247-Orl-19GJK)**

**UNITED STATES OF AMERICA,**

**Respondent.**
_____

# ORDER

This case comes before the Court on the following:

1.    Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by
      Petitioner Tramaine Anton Hibbert (Doc. No. 1, filed Dec. 20, 2010);

2.    Response in Opposition to Motion to Vacate, Set Aside, or Correct Sentence
      Pursuant to 28 U.S.C. § 2255 by Respondent United States of America (Doc. No. 7,
      filed Apr. 19, 2011);

3.    Reply to Response to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to
      28 U.S.C. § 2255 by Petitioner Tramaine Anton Hibbert (Doc. No. 9, filed May 9,
      2010);

4.    Affidavit of Petitioner Tramaine Anton Hibbert in Support of Motion to Vacate, Set
      Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 10, filed May 9,
      2010);

5.    Motion for Evidentiary Hearing by Petitioner Tramaine Anton Hibbert (Doc. No. 11,
      filed May 16, 2011); and

6.      Memorandum of Law in Support of Motion for Evidentiary Hearing by Petitioner Tramaine Anton Hibbert (Doc. No. 12, filed May 16, 2011).

## Background

Petitioner Tramaine Anton Hibbert was charged in a four-count indictment with: (1) conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii) and 846; (2) possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii) and 18 U.S.C. § 2; (3) possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (4) knowingly possessing a firearm in furtherance of the drug trafficking offense charged in Count I, in violation of 18 U.S.C. §§ 924(c) and 2.  (Criminal Case No. 6:08-cr-247-Orl-19GJK, Doc. No. 1, filed Nov. 12, 2008.)[1]

Petitioner entered into a written plea agreement and pled guilty to Counts I, III, and IV of the Indictment.  (Criminal Case Doc. No. 45, filed Oct. 2, 2009; Criminal Case Doc. No. 46, filed Oct. 1, 2009.)   The Court accepted the plea and adjudicated Petitioner guilty as to Count I. (Criminal Case Doc. No. 59, filed Oct. 5, 2009.)  On December 15, 2009, a sentencing hearing was conducted, and Petitioner was sentenced to a term of 120 months imprisonment on Count I, a term of 120 months imprisonment on Count III, all such terms to run concurrent, and a term of 60 months on Count IV, such term to run consecutive to the terms on Counts I and III.  (Criminal Case Doc. No. 69 at 2, filed Dec. 18, 2009.)  Count II was dismissed pursuant to the Plea Agreement.  (*Id.* at 11.)

---

[1] Criminal Case No. 6:08-cr-247-Orl-19GJK will be referred to as "Criminal Case."

At the sentencing hearing, the Court orally explained to Petitioner his right to appeal, (Doc. No. 7-2 at 14-15), and Petitioner signed a written Acknowledgment of Right to Appeal confirming his understanding of the right to appeal, the ten-day deadline for appealing, and the steps for taking an appeal.  (Criminal Case Doc. No. 68, filed Dec. 15, 2009.)  On January 12, 2010, the Court entered an Order ("Ten Day Order") noting that ten days had elapsed since the entry of judgment and that no notice of appeal had been filed.  (Criminal Case Doc. No. 70.)  The Ten Day Order directed Petitioner to file within ten days a declaration stating whether the election not to file a notice of appeal was informed and voluntary.  (*Id.*)  The Ten Day Order further stipulated that failure to respond as directed would be deemed an acknowledgment by Petitioner that the decision not to appeal was an informed and voluntary choice.  (*Id.*)  Petitioner did not file a declaration pursuant to the Ten Day Order.

On December 10, 2010, Petitioner timely filed a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255, asserting that his trial counsel rendered ineffective assistance by failing to object to the Government's alleged breach of the plea agreement and by failing to file a notice of appeal upon Petitioner's request.  (Doc. No. 1.)  The Government filed a response in opposition, (Doc. No. 7), and Petitioner filed a reply to the response, (Doc. No. 9), and an affidavit in support of his Motion, (Doc. No. 10).  Petitioner also filed a Motion for Evidentiary Hearing and a separate memorandum of law in support of that Motion.  (Doc. Nos. 11-12.)

## Standard of Review

### I.  Relief

Section 2255 provides federal prisoners with an avenue for relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  If a court finds a claim under Section 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  *Id.*  To obtain this relief on collateral review, however, a petitioner must clear a significantly higher hurdle than would exist on direct appeal.  *See United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment).

## II.  Hearing

Under Section 2255(b), unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  The Eleventh Circuit Court of Appeals has explained, "[a] habeas corpus petitioner is entitled to an evidentiary hearing on his claim 'if he alleges facts which, if proven, would entitle him to relief.'" *Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir. 1999) (quoting *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)).  However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) (explaining that no evidentiary hearing is needed when a petitioner's claims are "affirmatively contradicted by the record" or "patently frivolous").

**Analysis**

**I. Ineffective Assistance of Counsel for Failure to File Requested Notice of Appeal**

To prevail on a claim of ineffective assistance of counsel, Petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. These two elements are commonly referred to as the performance and prejudice prongs, respectively. *Reece v. United States*, 119 F.3d 1462, 1464 n.4 (11th Cir. 1997). If Petitioner fails to establish either prong, the Court need not consider the other prong in finding that there was no ineffective assistance of counsel. *Strickland*, 466 U.S. at 697.

It is well-settled that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citations omitted). In such a case, prejudice is presumed, and the petitioner is entitled to a new appeal without showing that his appeal would likely have merit. *See id.* at 483 ("The . . . denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, . . . demands a presumption of prejudice."); *Peguero v. United States*, 526 U.S. 23, 28 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit."); *Rodriguez v. United States*, 395 U.S. 327, 329-30 (1969) (finding that a defendant who instructed counsel to perfect an appeal thereby objectively indicated his intent to appeal and was entitled to a new appeal upon counsel's failure to perfect an appeal without any further showing). These rules apply with equal force even though Petitioner's plea agreement contains a partial waiver of his rights to appeal

and collaterally attack his sentence.[2]  *See Gomez-Diaz v. United States*, 433 F.3d 788, 793 (11th Cir. 2005) ("If the evidence establishes . . .  that Petitioner's attorney acted contrary to his client's wishes, . . . prejudice is to be presumed, and Petitioner is entitled to an out-of-time appeal, regardless of whether he can identify any arguably meritorious grounds for appeal that would fit one of the exceptions contained in his appeal waiver.").

Petitioner asserts that his trial counsel, Edwin R. Ivy, was ineffective for failing to "appeal on his behalf at his request during and after [his] sentencing proceeding at his timely request." (Doc. No. 1 at 21.)  According to Petitioner, he "told his attorney that he wanted to file an appeal[] because the Government did not have [his state] charges dropped."  (*Id.*)  In support of this claim, Petitioner contends that Ivy and the Government told him "before [he accepted] the plea agreement in this case at [his] plea hearing that [the Government] would contact the state and have them [] drop firearm offense" arising out of the same conduct charged in Petitioner's federal criminal case.  (Doc. No.

---

[2] The sentence-appeal waiver provision of Petitioner's plea agreement states as follows:

[Petitioner] expressly waives the right to appeal [his] sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [his] applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds that statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then [Petitioner] is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(Criminal Case Doc. No. 45 at 10-11.)  Because Petitioner retains some appellate rights under the sentence-appeal waiver, the waiver does not bar a claim of ineffective assistance of counsel for failure to file a requested notice of appeal, *Gomez-Diaz*, 433 F.3d at 793, and it is unnecessary to address at this time whether the sentence-appeal waiver is enforceable.

10 ¶ 1.)  Petitioner asserts that during the sentencing proceeding, he "voiced [his] concerns [to counsel] about the State having not dropped the firearm offense as agreed upon when he accepted the plea offer," to which counsel allegedly replied that "everything was being taken care of concerning the State case being dropped."  (*Id.* ¶ 2.)  Petitioner maintains that he was "misle[]d by both counsel and the government breaching the plea agreement, by not having [the state charge] dropped."  (Doc. No. 1 at 21.)

In contrast to Petitioner's assertions, Mr. Ivy attests that despite explaining the right to appeal to Petitioner several times and informing Petitioner that he would file a notice of appeal upon Petitioner's request, at no time did Petitioner state that he wished to appeal, including when Mr. Ivy asked Petitioner after sentencing whether he wanted to appeal.  (Doc. No. 7-3 ¶¶ 4, 6, 8.)

An evidentiary hearing is necessary to resolve the factual dispute presented by the assertions of Petitioner and Ivy regarding whether Petitioner requested Ivy to file a notice of appeal.  *See Gallego v. United States*, 174 F.3d 1196, 1198-99 (11th Cir. 1999) (noting that there is no "*per se* 'credit counsel in case of conflict rule'" and remanding a case for an evidentiary hearing and credibility determination regarding what counsel told a client during trial).

The Government contends that there is ample evidence of record to reject Petitioner's claim that Ivy failed to file a requested notice of appeal without an evidentiary hearing.  (Doc. No. 7 at 8-11.)  Petitioner asserts in his Section 2255 Motion that "[h]e told [Ivy] that he wanted to file an appeal[] because the [G]overnment did not have [his state firearm charge] dropped."  (Doc. No. 1 at 21.)  The Government argues that Petitioner's explanation for requesting that Mr. Ivy file a notice of appeal is contradicted by Petitioner's plea agreement and Petitioner's acknowledgment of the same during his plea colloquy that the Government had no power and made no promise to have his

state firearm charge dropped.  (Criminal Case Doc. No. 45 at 11; Doc. No. 7-1 at 11-13.)  In addition, Petitioner's asserted explanation for instructing Ivy to file a notice of appeal is belied by Petitioner's statement at the conclusion of his sentencing proceeding that there was nothing he felt should have been said at sentencing that was not stated, (Doc. No. 7-2 at 14-15), and Petitioner's failure to respond to the Ten Day Order.[3] (Criminal Case Doc. No. 70).  Although the foregoing evidence casts doubt on Petitioner's claim that he instructed Ivy to file a notice of appeal, it does not "conclusively show that [Petitioner] is entitled to no relief" such that an evidentiary hearing is not required.  28 U.S.C. § 2255(b); *see also Machibroda v. United States*, 368 U.S. 487, 514 (1962) (remanding for an evidentiary hearing where "the specific and detailed factual assertions of the petitioner, while improbable, cannot at this juncture be said to be incredible").

In summary, it is undisputed that Petitioner's counsel did not file a notice of appeal on Petitioner's behalf, (Doc. No. 1 at 21; Doc. No. 7-3 ¶ 8), and Petitioner's allegations that he requested counsel to file a notice of appeal, if true, would entitle him to an out-of-time appeal regardless of the merits of the appeal.  *Flores-Ortega*, 528 U.S. at 477, 483.  Therefore, an evidentiary hearing is warranted to determine whether Petitioner in fact requested Ivy to file a notice

---

[3] Petitioner's failure to comply with the Ten Day Order does not preclude his claim that counsel was ineffective for failing to file a requested notice of appeal.  A petitioner is entitled to a new appeal when counsel fails to file a requested notice of appeal because counsel's failure to act causes the forfeiture of an "entire judicial proceeding . . ., which [the petitioner] wanted at the time and to which he had a right . . . ."  *Flores-Ortega*, 528 U.S. at 483.  Although Petitioner does not allege precisely when he instructed Ivy to file a notice of appeal relative to the sentencing hearing and the issuance of the Ten Day Order, Petitioner's allegations indicate that he was entitled to an appeal and had not waived his right to appeal when he allegedly requested Ivy to take an appeal. (*See* Doc. No. 1 at 21 (alleging that Ivy "failed to file a[n] appeal on [Petitioner's] behalf at his request during and after [his] sentencing proceeding at his timely request").)  Therefore, Petitioner's failure to respond to the Ten Day Order, even if considered a waiver of his right to appeal, does not constitute a waiver of Petitioner's right to effective assistance of counsel in perfecting an appeal that he allegedly requested and was then entitled to take.

of appeal. *See Gomez-Diaz*, 433 F.3d at 792 (remanding to the district court to hold an evidentiary hearing to establish the content of the communications between the petitioner and his attorney where the petitioner's pleadings, broadly construed, alleged that his lawyer failed to perfect an appeal when asked to do so); *Smith*, 170 F.3d at 1053 ("A habeas corpus petitioner is entitled to an evidentiary hearing on his claim if he alleges facts which, if proven, would entitle him to relief." (quotation omitted)).

## II. Duty to Consult with Client About Appealing

In addition to the duty to file a requested appeal, counsel must consult with a client about an appeal when either: (1) any rational defendant would want to appeal; or (2) the client reasonably demonstrated an interest in appealing. *Flores-Ortega*, 528 U.S. at 480. If a duty to consult exists, counsel must fulfill that duty by "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* at 478. If counsel fails to satisfy the duty to consult, a petitioner is entitled to an out-of-time appeal only if he establishes prejudice by demonstrating "that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

Aside from reciting this legal standard, Petitioner does not allege anywhere in his Section 2255 Motion, Reply, or Motion for Evidentiary Hearing that Ivy failed to consult with him about appealing. (Doc. Nos. 1, 9-10.) Petitioner merely requests in his Motion for Evidentiary Hearing that the Court "expand[] the record" to determined whether Ivy sufficiently consulted with Petitioner about appealing and whether Ivy made a reasonable attempt to discover Petitioner's wishes regarding an appeal. (Doc. No. 12 at 2-3.) Absent allegations of specific facts that, if true, would

entitle Petitioner to habeas relief, Petitioner is not entitled to an evidentiary hearing to determine whether Ivy sufficiently consulted with Petitioner about appealing. *Schiro v. Landrigan*, 550 U.S. 465, 474 (2007). Moreover, as discussed below, Ivy's undisputed averments show that even if Ivy in fact had a duty to consult with Petitioner about appealing, Ivy fulfilled that duty through his discussions with Petitioner before Petitioner pled guilty and before and after Petitioner was sentenced.

Ivy avers that he explained the right to appeal to Petitioner several times before he entered a plea in this case. (Doc. No. 7-3 ¶ 4.) Ivy further advised Petitioner that he would file an appeal on any issue requested by Petitioner and that Petitioner retained a limited right to appeal even though he signed the plea agreement. (*Id.*) Ivy recalls telling Petitioner that it was critical for him to state whether he wanted to appeal at the time of sentencing or within ten days thereafter so that a notice of appeal could be filed timely. (*Id.*) At sentencing, Ivy reminded Petitioner of their previous discussion about appealing. (*Id.* ¶ 6.) After the sentence was pronounced, Ivy told Petitioner that he did not know of any viable issue for appeal and asked Petitioner if he wanted to appeal. (*Id.*) Petitioner does not allege any facts disputing these averments by Ivy, which show that Ivy "advised Petitioner about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Flores-Ortega*, 528 U.S. at 478. Therefore, to the extent Ivy had a duty to consult with Petitioner about appealing, Ivy fulfilled that duty, and the scope of the evidentiary hearing is limited to whether Petitioner in fact directed Ivy to file a notice of appeal.

## III. Remaining Claims

If it is determined that Petitioner is entitled to an out-of-time appeal due to ineffective assistance of counsel for failure to file a requested notice of appeal, the Court must "dismiss without

prejudice or hold in abeyance the resolution of the remaining collateral claims pending the direct appeal." *McIver v. United States*, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002).  Accordingly, ruling is reserved on the merits of all claims asserted in Petitioner's Section 2255 Motion pending the evidentiary hearing on whether Petitioner in fact requested Ivy to file a notice of appeal.

### Conclusion

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** as follows:

1.     The Motion for Evidentiary Hearing by Petitioner Tramaine Anton Hibbert (Doc. No. 11) is **GRANTED in part** and **DENIED in part**.  The Court will hold an evidentiary hearing on Petitioner's claim that counsel rendered ineffective assistance by failing to file a notice of appeal as requested by Petitioner.  The Motion for Evidentiary Hearing is **DENIED** in all other respects.  The date and time of the hearing shall be set by separate notice.

2.     The United States Magistrate Judge assigned to this case is directed to appoint counsel on behalf of Petitioner pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings.

3.     At least twenty-eight (28) days prior to the evidentiary hearing, Petitioner shall file a statement entitled Pretrial Narrative Statement consisting of the following:

(a)     A brief general statement of the case.

(b)     A narrative written statement of the facts that will be offered by oral or documentary evidence at the evidentiary hearing.

(c)     A list of all exhibits to be offered into evidence at the evidentiary hearing.

(d)     A list of the full names and addresses of places of employment for all the witnesses that Petitioner intends to call.

-11-

(e)     A summary of the anticipated testimony of each witness named in (d).

4.     At least fourteen (14) days prior to the evidentiary hearing, the Government shall file a Pretrial Narrative Statement complying with paragraphs 3(a) through (e) above.

5.     The Court **RESERVES RULING** on the merits of all claims asserted in Petitioner's Section 2255 Motion (Doc. No. 1) pending the evidentiary hearing.

**DONE AND ORDERED** at Orlando, Florida, on this 22nd day of May, 2011.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Tramaine Anton Hibbert
Counsel of Record